**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMMA LORENZO NIEVES,<br>Plaintiff, | : | NO. 3:25-CV-00595 |
| v. | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | : | |

**MEMORANDUM OPINION**

Plaintiff Emma Nieves brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability benefits under Title II and XVI of the Social Security Act. Transcript, doc. 12-2 at 40. She challenges the Administrative Law Judge's (ALJ) step three and residual functional capacity findings. *See* Pl.'s Br., doc. 15 at 8, 13. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On January 6, 2022, and April 19, 2022, Nieves applied for disability benefits under Title II and XVI of the Social Security Act,

alleging onset of disability beginning January 1, 2019. Docs. 12-3 at 26, 37. Following an initial denial, Nieves submitted an appeal, requesting a hearing before an ALJ. Doc. 12-4 at 44. The ALJ conducted the hearing and determined that Nieves was not disabled. Doc. 12-2 at 40.

Nieves filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Nieves's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 15-17) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 8.

**B. The Disability Determination Process**

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;

2. had a severe medically determinable impairment;
3. suffered from an impairment listed in the regulations as presumptively disabling;
4. could return to his past work; and
5. could perform other available work in the national economy.

*See* §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

At step four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. §§ 404.1545(a)(1), 416.945(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### C. Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Nieves "has not been under a disability . . . from January 1, 2019, through the date of this decision." Doc. 12-2 at 40. The ALJ determined at the RFC stage that Nieves has the ability:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant must be given the opportunity to alternate between sitting and standing every 30 minutes. The claimant is limited to occasional stooping, kneeling, crouching, and climbing on ramps and stairs, but never crawling, and never climbing on ladders, ropes, or scaffolds. She is limited to no more than frequent handling and fingering. She can understand, remember, and carry out simple instructions. She cannot perform assembly-line work or work that requires hourly quotas. She can use judgment to make simple work-related decisions. She can deal with occasional changes in a routine work setting. She can occasionally interact with supervisors, coworkers, and the public.

*Id.* at 34-35. The ALJ denied Nieve's disability claim at step five, after considering her "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 39.

Nieves argues that the ALJ erred by: (1) failing to adequately evaluate whether her migraine equaled Listing 11.02(B) at step three; and (2) failing to include all limitations related to migraines in the RFC. Doc. 15 at 8, 13. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an

adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Nieves is disabled, but whether the Commissioner's finding that Nieves is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been

held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Nieves argues that the ALJ erred by: (1) failing to adequately evaluate whether her migraine equaled Listing 11.02B at step three; and (2) failing to include all limitations related to migraines in the RFC. Doc. 15 at 8, 13. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

**A. The ALJ's step three analysis was supported by substantial evidence.**

Nieves first argues that the ALJ erred at step three by failing to adequately evaluate if her migraine equaled Listing 11.02(B). *Id.* at 8. Specifically, Nieves argues that the ALJ erred by failing to consider the requirements of Listing 11.02(B). *See id.* at 9-10.

An ALJ need not use particular language or adhere to a particular format in conducting his analysis. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2024). Likewise, an ALJ is not even required to identify or analyze the most relevant listing in conducting a step three analysis. *Wisniewski v. Comm'r of Soc. Sec.*, 210 F. App'x 177, 180 (3d Cir. 2006). Instead, "[a]n adjudicator must provide a rationale for a finding of medical equivalence in a decision that is sufficient for a subsequent reviewer or court to understand the decision." SSR 17-2p, 2017 WL 3928306, at *4 (S.S.A. 2017). Here, the ALJ provided an explanation that the Court can understand.

At step three, although the ALJ noted that Nieves reported frequent headaches, the ALJ found that her medical records revealed "relatively intact clinical presentation and conservative and routine treatment course, with no serious radiologic abnormalities,

hospitalizations, or surgeries" which are not suggestive of listing-level severity with respect to migraines. Doc. 12-2 at 33. The ALJ proceeded to further detail the treatment record at the RFC stage, discussing Nieves's own subjective reports of headaches and noting in detail the treatment record related to headaches that amounted to some treatment with medication, and non-specific MRI findings. *Id.* at 36.

Nieves, however, asks the Court to consider the medical records that support the frequency of headaches she experienced. Doc. 15 at 10. But these records merely record Nieves's own reports of migraines and do not present medical examinations or clinical findings to support her subjective allegations. On the other hand, the medical records contain unremarkable diagnostic imaging (doc. 12-8 at 28), infrequent occurrence of migraines (*id.* at 223), stable and reducing migraines (doc. 12-9 at 645; doc. 12-3 at 29), intermittent migraines and conservative management of symptoms with medication (doc. 12-8 at 218-219), and Nieves's own failure to adhere to medication regimen, which may contribute to her migraines (doc. 12-9 at 363). Accordingly, the ALJ's step three finding was supported by substantial evidence.

### B. The ALJ's RFC findings are supported by substantial evidence.

Nieves next argues that the RFC does not account for any of the symptoms or limitations stemming from migraine headaches such as absenteeism, time off task, or bright lights limitations. Doc. 15 at 13. Nieves's medical records do not warrant such limitations.

Here, as discussed above, Nieves has not produced medical evidence indicating that her migraine headaches warrant greater limitations. Although the record contained discussions of Nieves's history of migraines and diagnoses of chronic headaches, none identified migraine-related limitations. *See, e.g.,* doc. 12-7 at 120, 165, 172. At bottom, the record does not support Nieve's contention that the ALJ failed to adequately evaluate her migraines in assessing her residual functional capacity. *See Tuohy v. Comm'r of Soc. Sec.*, 127 F. App'x 62, 66 (3d Cir. 2005) (affirming ALJ's limited RFC assessment concerning migraines where the ALJ's conclusions were supported by the medical records despite a claimant's subjective complaints); *see also Page v. Barnhart*, 108 F. App'x 735, 738-39 (3d Cir. 2004) (finding migraine headaches as non-severe where no medical evidence supports claimant's subjective complaints of disabling impairment).

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: September 23, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge